[922 NYS2d 146]

In the Matter of TERRANCE N. TONER, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 26, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Supreme Court of the State of New Jersey, by order filed February 23, 2010, disbarred the respondent. He had been temporarily suspended in that state since April 1, 2009 (*see Matter of Toner*, 198 NJ 509, 969 A2d 1068 [2009]), for violating Rules of Professional Conduct (hereinafter RPC rules) 1.1 (a) (gross neglect), 1.2 (a) (failure to abide by a client's decisions concerning the representation), 1.3 (lack of diligence), 1.4 (failure to communicate with client), 1.15 (a) (failure to safeguard client property), 1.15 (b) (failure to promptly deliver funds belonging to client or third party), 1.15 (c) (failure to keep separate property in which the lawyer and another party claim an interest), 8.1 (a) (false statement of material fact in connection with a disciplinary matter), and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and the principles of *Matter of Wilson* (81 NJ 451, 409 A2d 1153 [1979]), and *Matter of Hollendonner* (102 NJ 21, 504 A2d 1174 [1985]).

The misconduct for which the respondent was disbarred by the Supreme Court of New Jersey is set forth in a decision by the Disciplinary Review Board (hereinafter the DRB) of the Supreme Court of New Jersey dated December 16, 2009. The DRB had initially reviewed the matter in October 2006, but remanded it for further proceedings before a special master with regard to allegations that the respondent had engaged in knowing misappropriation.

The respondent was admitted to the New Jersey bar in 1988. He is also admitted to the bar in Florida and New York.

The respondent was previously admonished by the New Jersey court in 2003 for negligent misappropriation of client funds and a failure to maintain required attorney records (*see Matter of Terrance N. Toner*, DRB 03-056 [May 23, 2003]).

In 2000, New Century Financial Services, Inc. (hereinafter New Century), obtained a judgment against Patricia Henry, the respondent's first cousin, in the sum of $4,861.02. In April 2001, the law firm of Pressler & Pressler (hereinafter Pressler) served Henry with a notice of motion to enforce litigant's rights on behalf of New Century, seeking $5,227.66 in judgment and costs. Before May 7, 2001, Henry and the respondent agreed that he would attempt to negotiate a lower settlement amount with Pressler and that he would transmit payment to Pressler.

On May 7, 2001, Henry gave the respondent a check in the exact amount of the judgment against her. Henry made the

check payable to the respondent. Henry did not authorize the use of her funds for any purpose, other than satisfying the New Century judgment.

On May 7, 2001, the respondent deposited the check in his attorney business account. He admitted that it was improper to deposit Henry's check in his business account and conceded that he should have deposited it in his trust account.

Audit of the respondent's attorney records revealed that, on May 7, 2001, immediately before the respondent deposited Henry's check ($5,227.66) in his business account, the balance of the business account was $1,267.79. By the close of business on May 8, 2001, one day after the deposit, the business account balance was $5,017.81, or $209.85 below the amount the respondent should have been holding on Henry's behalf. By May 31, 2001, following a series of checks drawn on the account, the business account balance was -$346.53. Henry's funds had been depleted.

All checks drawn on the respondent's business account in May 2001 bear his signature. Not all, however, were signed by him. Two part-time secretaries, Robin Mohr and Denise De-Leon, employed by the respondent, wrote checks and signed his name on them. The respondent did not keep track of his business account balance.

None of the checks drawn on the respondent's business account in May 2001 were related to the Henry matter. With the exception of brief periods of time in 2002 and 2003, the respondent's business account did not again have sufficient funds for the satisfaction of the New Century judgment or for a refund to Henry.

The respondent's defense was that he did not intend to misappropriate Henry's funds, but rather that he negligently "spent it, but a lot of it was stolen from [him]."

The evidence revealed that efforts to settle the case were made. Pressler's records indicated that the parties had agreed to settle the matter for $3,000, but the respondent did not follow through on the agreement. The respondent had no recollection of these events. He testified that Pressler agreed to a settlement of $4,200 and that he asked his secretary to send a check to Pressler. The Office of Attorney Ethics found no evidence of a $4,200 check to Pressler.

In any event, by the end of May 2001, well before the supposed $4,200 settlement was reached, Henry's funds were gone.

Indeed, for nearly the entire period between the respondent's receipt of Henry's check and the day he closed his practice, he lacked the funds to pay a $4,200 settlement. Moreover, the extra $1,000 did not remain inviolate in his business account. There was no evidence in the record that the respondent returned any money to Henry.

In July 2003, Pressler issued an information subpoena to Henry in connection with the New Century judgment. Henry provided it to the respondent, who advised her not to be concerned. In September 2003, Pressler served Henry with a notice of motion to enforce litigant's rights. Henry gave it to the respondent.

In October 2003, Pressler obtained an order for Henry's arrest, which was served on her in November 2003. Advised of these developments, the respondent assured Henry that the matter had been resolved, that Pressler must have made an error, and that he would look into it. In 2004, Henry made repeated attempts to reach the respondent, without success.

In late 2004, Henry retained Robert Zullo to assist her in resolving the New Century matter.

In June 2005, Henry filed a grievance against the respondent.

In October 2005, the respondent sent Pressler two checks, totaling $6,713.98, in satisfaction of the New Century judgment against Henry. On October 10, 2005, Pressler sent Henry a warrant of satisfaction.

The DRB conducted a de novo review of the record. In its decision dated December 16, 2009, the DRB determined that the special master's conclusion that the respondent was guilty of unethical conduct was fully supported by clear and convincing evidence. It was undisputed that the respondent misappropriated client funds that he had placed in his business account. The DRB found that the special master's conclusion that the respondent's conduct was knowing was inescapable, as evidenced by the fact that the respondent wrote two checks, totaling $5,061.43, to pay his mortgage in May 2001, and that "it is clear that respondent knowingly drew on Henry's funds because he did not have enough of his own money in the account to cover that check [second check for $3,798.79]."

The DRB found, in sum, that

> "the evidence clearly and convincingly demonstrates that [the] respondent knowingly misappropriated client funds, a violation of RPC 1.15 (a), RPC 8.4

(c), and the *Wilson* rule. In addition, for the reasons expressed by the special master, we agree that [the] respondent violated RPC 1.1 (a), RPC 1.2 (a), RPC 1.3, RPC 1.4 (b), RPC 1.15 (b), and RPC 8.1 (a). For knowingly misappropriating client trust funds alone, under *In re Wilson,* 81 N.J. 451 (1979), and its progeny, respondent must be disbarred."

By order filed February 23, 2010, the Supreme Court of New Jersey disbarred the respondent, effective immediately, and permanently restrained and enjoined him from practicing law in that state.

Although the respondent was personally served on July 28, 2010, with the notice pursuant to 22 NYCRR 691.3, he has not asserted any of the enumerated defenses nor demanded a hearing. Thus, there is no impediment to the imposition of reciprocal discipline at this juncture.

Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts for the imposition of reciprocal discipline is granted and the respondent is disbarred in New York based upon his disbarment in New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and CHAMBERS, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Terrance N. Toner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Terrance N. Toner, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Terrance N. Toner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Terrance N. Toner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).